# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK BROWN,**

            Petitioner,

v.                                                **Case No. 04-C-780**

**STATE OF WISCONSIN,**

            Respondent.

## ORDER ON MOTION FOR ABEYANCE

Mark Brown ("Brown") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. The judgment arose from two cases that were consolidated for trial and sentencing. See Milwaukee County Case Nos. 01-CF-1629 and 01-CF-1769 at http:// wcca.wicourts.gov. Proceeding pro se, Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has presented facts that relate to both Milwaukee County cases.

This court conducted the preliminary review of Brown's petition that is required by Rule 4 of the Rules Governing § 2254 Cases and ordered that the respondent answer the claims asserted by Brown. In doing so, the respondent indicates that Brown procedurally defaulted all of the claims asserted in his petition. Brown filed a response to the respondent's answer on May 16, 2005. In addition, Brown filed a motion to hold his petition in abeyance for claims related to case number 01-

CF-1629 so that he can exhaust all state court remedies. In regard to claims related to case number 01-CF-1769, Brown wishes to proceed without abeyance. (Abeyance Mtn., April 14, 2005.).

Under particular circumstances, federal courts may stay a "mixed" § 2254 petition, which contains both exhausted and unexhausted claims. This procedure allows the petitioner to return to state court to present claims that were not previously raised and then resume proceedings in federal court once exhaustion is complete. However, where the state court in which the petitioner would have been permitted to present his claim would now find such claims procedurally barred, as the respondent alleges here, there is no benefit to staying a petition.

In the present case, the court has yet to determine whether Brown's claims are properly exhausted, procedurally defaulted, or—in the alternative—properly before the court. Thus, Brown's motion is premature. Moreover, even assuming that the petition is mixed, such that the court should consider the propriety of stay and abeyance, Brown's motion would be denied on the grounds that Brown has not demonstrated the high standards required for a stay that were recently established in Rhines v. Weber, --- U.S. ----, 125 S.Ct. 1528, 1535-36, 2005 WL 711587 (Mar. 30, 2005). The Rhines court held that stay and abeyance should be available "only in limited circumstances," after the court determines:

> (1) that there is good cause for the petitioner's failure to exhaust his claims in state court;
>
> (2) that the petitioner's claims are not plainly meritless; and
>
> (3) that the petitioner has not "engaged in intentionally dilatory litigation tactics."

Rhines v. Weber, --- U.S. ----, 125 S.Ct. 1528, 1535-36, 2005 WL 711587 (Mar. 30, 2005). Brown has not presented information sufficient to satisfy Rhines in support of his motion for abeyance or in the two replies to the respondent's answer. Accordingly, Brown's motion for abeyance will be denied.

If, after further review of the petition and the pleadings of record, the court finds that a stay is appropriate, it will be ordered.

**IT IS THEREFORE ORDERED** that Brown's motion for abeyance is **denied.**

Dated at Milwaukee, Wisconsin, this 25th day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge