# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK BROWN,**

                 **Petitioner,**

  **v.**                                                   **Case No. 04-C-780**

**STATE OF WISCONSIN,**

                 **Respondent.**

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Mark Brown ("Brown") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Brown's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and in doing so noted that because Brown is challenging two cases that were consolidated for trial and sentencing, it was difficult to determine whether Brown had exhausted all state remedies as to all claims raised in his petition. In reply to the respondent's answer to the petition wherein the respondent alleged that Brown failed to exhaust state remedies as to certain claims, Brown requested that his petition be held in abeyance as he exhausted state remedies. The court denied Brown's motion, noting that in addition to being premature, Brown failed to satisfy the high standard for a stay and abeyance set forth in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). The pleadings on Brown's petition are closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

Brown's habeas petition is essentially two separate habeas petitions that were docketed together due to the interrelation of the separate cases. On October 17, 2001, Brown was convicted of four felonies following a jury trial. These convictions involved two separate cases that were joined for the purposes of trial. In case number 01CF1629, Brown was convicted of possession

with intent to deliver cocaine, greater than 15-40 grams, and possession of a firearm by a felon. In case number 01CF1769, Brown was convicted of possession with intent to deliver cocaine, greater than 5-15 grams, and escape. For these crimes, Brown was sentenced to a total of six years of initial confinement and six years of extended supervision for a total term of imprisonment of twelve years.

Brown appealed his convictions in both cases. Regarding case number 01CF1769, Brown challenged the sufficiency of the evidence to convict him of escape. (See Answer, Ex. E.) The court of appeals affirmed Brown's conviction, (Answer, Ex. H), and the Wisconsin Supreme Court denied review, (Answer, Ex. K).

Regarding case number 01CF1629, Brown's attorney submitted a no-merit brief to the court of appeals raising three potential issues: (1) whether the trial court erred when it refused to suppress evidence; (2) whether the evidence was sufficient; and (3) whether the court erroneously exercised its discretion in sentencing Brown. (Answer, Ex. L.) Brown submitted two responses wherein he argued that the evidence was insufficient to support his convictions and that the cases should not have been joined for trial. (Answer at 3.) The court of appeals affirmed the trial court, (Answer, Ex. M), and the Wisconsin Supreme Court denied Brown's pro se petition for review. (Answer, Ex. Q). In his petition for review, Brown focuses upon the arguments that he was not a felon at the time of his conviction and that the evidence was insufficient to support his conviction regarding possession of cocaine. (Answer, Ex. N.) He also alleged that the police searched him in violation of the Fourth Amendment. (Id.)

In regards to case number 01CF1769, Brown alleges in his present petition: (1) his conviction was based upon evidence gained as a result of an unconstitutional search and seizure that occurred at a residence on April 20, 2001; (2) this his right to self-incrimination was violated

when he testified at trial that he ran from the police because he had a warrant for his arrest; and (3) that the prosecution failed to disclose certain exculpatory evidence.

In regards to case number 01CF1629, Brown alleges in his present petition: (1) his conviction was based upon evidence gained as a result of an unconstitutional search and seizure that occurred on March 28, 2001 at the Deville Bar; (2) that his right against self-incrimination was violated when his attorney allegedly forced him to stipulate as to the weight of the cocaine involved; (3) that the prosecution failed to disclose certain exculpatory evidence; (4) and that he was denied the effective assistance of counsel when his trial attorney failed to object at certain points during the trial.

Clearly, Brown has not exhausted his state remedies as to all of his claims for relief. Brown has exhausted none of his claims for relief regarding case number 01CF1769. Therefore, the court must summarily deny Brown's petition as it relates to his conviction in case number 01CF1769 pursuant to 28 U.S.C. § 2254(b)(1)(A).

As for Brown's conviction in case number 01CF1629, Brown has exhausted state remedies as to only his argument that the police officers' search of his person violated the Fourth Amendment. Therefore, as to his unexhausted claims, Brown's petition must be rejected pursuant to 28 U.S.C. § 2254(b)(1)(A). Brown's claim relating to an alleged violation of the Fourth Amendment must be similarly rejected. A petitioner under § 2254 is not entitled to federal habeas relief for an alleged violation of the Fourth Amendment where the petitioner was provided a full and fair opportunity to litigate the claim. Stone v. Powell, 428 U.S. 465 (1976). Brown was provided a full and fair opportunity to litigate his alleged Fourth Amendment claim before the state courts and thus is not entitled to relief before this court.

Therefore, this court must deny Brown's petition for a writ of habeas corpus. Brown has failed to exhaust state remedies as to the majority of his claims and the one claim that he has

-3-
Case 2:04-cv-00780-AEG   Filed 07/31/07   Page 3 of 4   Document 20

exhausted state remedies in regards to is not cognizable in a federal petition for habeas corpus relief relating to a state court judgment.

**IT IS THEREFORE ORDERED** that Brown's petition is denied and this case is dismissed. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge