# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK BROWN,**
               **Petitioner,**

   v.                                                                 **Case No. 04-C-780**

**MICHAEL S. THURMER,**
               **Respondent.**

## ORDER DENYING MOTION FOR RECONSIDERATION

      Mark Brown ("Brown") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Brown's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and in doing so noted that because Brown is challenging two cases that were consolidated for trial and sentencing, it was difficult to determine whether Brown had exhausted all state remedies as to all claims raised in his petition. In reply to the respondent's answer to the petition wherein the respondent alleged that Brown failed to exhaust state remedies as to certain claims, Brown requested that his petition be held in abeyance as he exhausted state remedies. The court denied Brown's motion, noting that in addition to being premature, Brown failed to satisfy the high standard for a stay and abeyance set forth in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). The parties have previously consented to the full jurisdiction of a magistrate judge and on July 31, 2007, this court denied his petition on the grounds that he had failed to exhaust state remedies with respect to all but one of his claims for relief and the only claim he did exhaust was a claim that his Fourth Amendment rights were violated, which is not cognizable in a federal habeas proceeding.

Brown now seeks the court to reconsider its order pursuant to Federal Rule of Civil Procedure 59(e) and specifically he requests that the court grant his prior motion for a stay and hold this case in abeyance as he exhausts state remedies.

Brown fails to demonstrate that there is good cause for his failure to exhaust his claims in state court, and therefore the court is unable to grant his request for a stay and abeyance. Rhines, 544 U.S. at 277. As cause for his failure to exhaust his claims in the state court, Brown alleges that he was forced to rely upon appellate counsel and therefore raising particular issues was beyond his control. Further, he argues that the fact that he had to rely upon jailhouse lawyers and his own limited knowledge of the law in preparing his habeas petition and his responses to his appellate counsel's "no merit" report, the court should excuse his failure to exhaust his state remedies.

"Ignorance of the law does not constitute good cause." Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007) (citing In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996); Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir. 1987)); see also Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006) (discussing that ignorance of proper legal procedures is not good cause to excuse procedural default). As for Brown's argument that he was forced to rely upon his appellate counsel, the court finds no merit to this argument. Regardless of what claims were raised in his direct appeals, Brown was permitted to pursue a collateral attack to his conviction in state court. Therefore, Brown's motion for reconsideration is **denied**.

It is further ordered that Brown's motion to substitute Michael S. Thurmer, Warden of the Waupun Correctional Institution, as the respondent in this matter is **granted**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 19th day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

-2-
Case 2:04-cv-00780-AEG   Filed 10/19/07   Page 2 of 2   Document 25